IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOLORES CANALES, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:18-CV-507-RP |
| DURENE MICHAUX, STRYKER CORP., STRYKER SALES CORP., and ZIMMER US, INC., | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Dolores Canales's ("Canales") Motion to Remand, (Dkt. 10), and the response filed by Defendants Durene Michaux ("Michaux"), Stryker Corporation and Stryker Sales Corporation (together, "Stryker"), and Zimmer US, Inc. ("Zimmer") (collectively, "Defendants"), (Dkt. 12). Having considered the parties' submissions, the record, and the applicable law, the Court will deny Canales's motion.

## I. BACKGROUND

Canales filed this action in the 419th Judicial District Court of Travis County, Texas on May 24, 2018. (Orig. Pet., Dkt. 1-1). Canales alleges that she was injured during a spinal surgery when the surgeon tried to cut one of Stryker's[1] rods with one of Zimmer's cutters; the cutter shattered and Canales was paralyzed. (*Id.* at 4). Michaux is a Stryker sales representative who was allegedly present for the surgery. (*Id.*). Canales asserts a negligence claims against Michaux for (1) failing to ensure that the appropriate instruments were used during the surgery and (2) failing to warn the surgeon about using the Zimmer cutter. (*Id.* at 5). Defendants removed the case to this Court on June 18, 2018, on the basis of this Court's diversity jurisdiction. (Not. Removal, Dkt. 1, at 2–5).

---

[1] Stryker contends that it is not a proper defendant. (Resp. Mot. Remand, Dkt. 12, at 1 n.1).

Michaux is a Texas resident; she is the only defendant who is a Texas citizen for jurisdictional purposes. (Orig. Pet., Dkt. 1-1, at 3; Not. Removal, Dkt. 1, at 3).[2] Canales seeks remand under 28 U.S.C. § 1441(b)(2), which bars removal if any properly served defendant is a citizen of the state in which the action is brought. (Mot. Remand, Dkt. 10, at 2). Defendants oppose remand because they believe Michaux is improperly joined, rendering her citizenship irrelevant for jurisdictional purposes. (Not. Removal, Dkt. 1, at 5–6; Resp. Mot. Remand, Dkt. 12). The only question, therefore, is whether Michaux was properly joined as a defendant. The Court agrees with Defendants that Michaux is improperly joined.

## II. LEGAL STANDARDS

"[T]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). To establish improper joinder, the removing party has the "heavy" burden, *id.*, to demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Only the doctrine's second prong is before the Court here. (Not. Removal, Dkt. 1, at 5–6; Resp. Mot. Remand, Dkt. 12).

Under the second prong of the improper joinder doctrine, a defendant must establish "that there is no possibility of recovery by the plaintiff against an in-state defendant," which means "that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. A court evaluates the reasonable basis of recovery under state law by "conduct[ing] a Rule 12(b)(6)-type analysis" or "pierc[ing] the pleadings

---

[2] A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). No party disputes that this Court has diversity jurisdiction if Michaux's citizenship is not considered.

2

and conduct[ing] a summary inquiry." *Id.*; *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (stating that a court may use either analysis, but it must use one and only one). The Court agrees with Defendants that a Rule 12(b)(6)-type analysis is appropriate here. (*See* Resp. Mot. Remand, Dkt. 12, at 10) (arguing that Canales's petition fails to state a claim against Michaux).

In conducting a 12(b)(6)-type analysis, federal pleading standards apply. *Int'l Energy Ventures*, 818 F.3d at 207. Accordingly, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Defendants argue that Canales fails to state a claim against Michaux because Michaux owed no duty to Canales. (Resp. Mot. Remand, Dkt. 12, at 5–9). "[A] negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). In such cases, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). There is no dispute that Michaux was acting as a Stryker employee during the surgery. (Orig. Pet., Dkt. 1-1, ¶ 23). The question, therefore, is whether she owed Canales an independent duty of care apart from Stryker's. "The existence of a legal duty is a question of law for the court to decide, and that determination is made from the facts surrounding the occurrence in question." *Tri*, 162 S.W.3d at 563 (quotation marks and citation omitted).

Canales alleges that Michaux "undertook duties to [Canales] when she participated in [Canales's] surgery and breached these duties when she failed to ensure that the surgeon used appropriate instruments as part of [Canales's] surgery and failed to warn the surgeon about using [Zimmer's] surgical rod cutter during the procedure." (Mot. Remand, Dkt. 10, at 4). Even as Canales conceptualizes it, Michaux's duty arises out of her status as a Stryker employee. Canales does not argue that Michaux would have had a duty to warn the surgeon about the instruments used if she had been a private person unaffiliated with either Stryker or Zimmer. And sensibly so; if there were surgical attendants present during Canales's procedure, the Court has been shown no authority that would impose on them a duty to warn the surgeon about the risks associated with a particular manufacturer's product. *See Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 615 (Tex. 1996) (finding that a party who did not design, manufacture, or sell the product in question had no duty to the complainant). By contrast, an employee who causes an accident may be held individually liable

4

along with his or her employer because the employee "owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer." *Leitch*, 935 S.W.2d at 117. For this reason, courts have repeatedly held that sales representatives are improperly joined when plaintiffs assert failure-to-warn claims against them. *See Walton v. 3M Co.*, No. CIV.A. H-13-1164, 2013 WL 3816600, at *2 (S.D. Tex. July 22, 2013) (holding that the sales representative "did not have an independent duty to warn" and finding that the sales representative was improperly joined); *Morrow v. Wyeth*, No. CIV.A. B-05-209, 2005 WL 2621555, at *4 (S.D. Tex. Oct. 13, 2005) (finding that defendant sales representatives "had no duties separate from those of the Corporate Defendants and therefore cannot be liable for negligence or for failure to warn," and remanding for improper joinder). Michaux had no duty to Canales separate from Stryker's. She therefore cannot be held liable for negligence based on a failure to warn. *See Centeq Realty, Inc. v. Segler*, 899 S.W.2d 195, 197 (Tex. 1995) ("The plaintiff must establish both the existence and the violation of a duty owed to the plaintiff by the defendant to establish liability in tort."). Accordingly, Canales fails to state a claim for relief against Michaux, who is improperly joined. Disregarding her citizenship, the Court finds that it has jurisdiction over this action and that remand is improper.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiffs' Motion for Remand, (Dkt. 10), is **DENIED**.

**SIGNED** on September 21, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE