IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOLORES CANALES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-507-RP |
| DURENE MICHAUX, STRYKER CORP., STRYKER SALES CORP., and ZIMMER US, INC., | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Dolores Canales's ("Canales") second Motion to Remand, (Dkt. 21); her Motion for Leave to Amend, (Dkt. 25); and responses to each filed by Defendants Durene Michaux ("Michaux"), Stryker Corporation and Stryker Sales Corporation (together, "Stryker"), and Zimmer US, Inc. ("Zimmer") (collectively, "Defendants"), (Dkts. 24, 26). Having considered the parties' arguments, the record, and the applicable law, the Court will deny both motions.

## I. BACKGROUND

Canales filed this action in the 419th Judicial District Court of Travis County, Texas on May 24, 2018. (Orig. Pet., Dkt. 1-1). Canales alleges that she was injured during a spinal surgery performed by a surgeon as St. David's Medical Center ("St. David's) in Austin in January 2018. (*Id.* at 2). According to Canales, when the surgeon tried to cut one of Stryker's[1] spinal rods with one of Zimmer's cutters, the cutter shattered and Canales was paralyzed. (*Id.* at 4). Michaux is a Stryker sales representative who was allegedly present for the surgery. (*Id.*). Canales asserts a negligence claim against Michaux, for which she also seeks to hold Stryker vicariously liable, and a strict liability

---
[1] Stryker contends that it is not a proper defendant. (Resp. Mot. Remand, Dkt. 24, at 1 n.1).

claim against Zimmer. (*Id.* at 5–7). Defendants removed the case to this Court on June 18, 2018, on the basis of this Court's diversity jurisdiction. (Not. Removal, Dkt. 1, at 2–5).

Michaux is the only Texas resident named in Canales' original petition. (Orig. Pet., Dkt. 1-1, at 3; Not. Removal, Dkt. 1, at 3).[2] Shortly after removal, Canales asked the Court to remand this action under 28 U.S.C. § 1441(b)(2) on the basis of Michaux's citizenship. (1st Mot. Remand, Dkt. 10, at 2). The Court denied that motion, finding that Michaux was improperly joined because she owed Canales no duty distinct from her employer's. (Order, Dkt. 19). Canales did not ask the Court to reconsider its decision; instead, two weeks later, she filed another nearly identical motion to remand. (2d Mot. Remand, Dkt. 21). In her second motion, Canales added that remand would be more economical because she intends to sue St. David's but would be forced to do so in parallel proceedings. (*Id.* at 5–6). Several weeks later, while that motion was pending, Canales asked for leave to amend her complaint to add St. David's as a defendant and then to remand this action on the basis of St. David's citizenship. (Mot. Leave Amend, Dkt. 25).

## II. DISCUSSION

Generally, under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court must carefully use its discretion to grant or deny joinder of additional defendants if it would destroy the court's subject matter jurisdiction. 28 U.S.C. § 1447(e); *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In exercising its discretion, the court must balance "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" against the diverse defendant's "interest in retaining the federal forum." *Id.* at 1182. When weighing these

---

[2] A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). No party disputes that this Court has diversity jurisdiction if Michaux's citizenship is not considered.

2

competing interests, courts should consider: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Id.*

### *A. Purpose of the Amendment*

The first factor is "the extent to which the purpose of that amendment is to defeat federal jurisdiction." *Id.* This factor has been described as the most important factor of the four. *Flores v. Arch Ins. Co.*, No. 5:15-CV-299, 2015 WL 4430866, at *2 (W.D. Tex. July 17, 2015); *Wein v. Liberty Lloyds of Texas Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015); *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012). "Bearing on this factor is whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court petition was filed." *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, No. 5:15-CV-325, 2015 WL 3971415, at *7 (W.D. Tex. June 30, 2015); *see also Flores*, 2015 WL 4430866, at *3. When a plaintiff knew or should have known the identity of the nondiverse defendant at the time the lawsuit was originally filed, courts often view the later attempt to join the nondiverse defendant with suspicion that the plaintiff's primary purpose is to defeat jurisdiction. *Wein*, 2015 WL 1275915, at *5; *Flores*, 2015 WL 4430866, at *3; *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889 (S.D. Tex. 2010) (collecting cases). The inference is especially strong "when the motion to remand is made within the same pleading as the motion for leave to amend." *Zimmerman*, 2015 WL 3971415, at *7 (citing *Smith v. Robin America Inc.*, NO. H–08–3565, 2009 WL 2485589, at *5 (S.D. Tex. Aug. 7, 2009)).

Here, Canales knew of St. David's when she filed her original petition in state court—it was the hospital in which she was injured. (Orig. Pet., Dkt. 1-1, at 2). Like other courts in this circuit, this fact raises an inference that Canales's purpose is to defeat jurisdiction. That inference is

3

strengthened by the timing of Canales's motion: she seeks to add St. David's in support of her second and third requests for remand, both made shortly after the Court found that Michaux was improperly joined and denied her first motion to remand. (Order, Dkt. 19).

Canales attempts to rebut this inference by arguing that she could not have named St. David's in her original complaint because she lacked expert reports required to avoid dismissal under Texas law. (Mot. Leave, Dkt. 25, at 3). The Court is unpersuaded. Canales was injured in January 2018, (Orig. Pet., Dkt. 1-1, at 2), and the statute of limitations for her claims is two years, Tex. Civ. Prac. & Rem. Code § 74.251(a). She could have waited until well beyond May 2018 to secure the necessary expert reports and name St. David's in her original complaint. The Court finds that Canales's primary purpose for seeking to join St. David's as a defendant is to defeat jurisdiction. This factor weighs against Canales.

### B. Whether Plaintiff Has Been Dilatory

The second *Hensgens* factor requires the court to consider whether Canales was dilatory in seeking to join St. David's. *Hensgens*, 833 F.2d at 1182. Generally, a plaintiff is not dilatory in seeking to amend a complaint when no trial or pre-trial dates have been scheduled and "no significant activity beyond the pleading stage has occurred." *Zimmerman*, 2015 WL 3971415, at *8; *Flores*, 2015 WL 4430866, at *5. However, courts have found delays of one month following removal or two months following the filing of the original complaint to be dilatory. *Wein*, 2015 WL 1275915, at *6; *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001); *see also Aaron Irigoyen & Rosie Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) (finding an interval of two and a half months between notice of removal and request for joinder to be dilatory). Canales seeks to add St. David's over five months after filing her original complaint, over four months after removal, and several weeks after the Court entered a scheduling

4

order. Nonetheless, crediting Canales's assertion that she was awaiting expert reports, the Court does not find that she has been dilatory. This factor weighs slightly in her favor.

*C. Injury to Plaintiff*

The third *Hensgens* factor is whether a plaintiff will be significantly injured if amendment is not allowed. *Hensgens*, 833 F.2d at 1182. When considering this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Zimmerman*, 2015 WL 3971415, at *9 (quoting *Lowe v. Singh*, No. H10–1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug.23, 2010)). Courts also consider "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Zimmerman*, 2015 WL 3971415, at *9 (quoting *Adey/Vandling*, 2012 WL 534838, at *4). Canales argues that she will be injured by the inconvenience of prosecuting parallel lawsuits, the risk of inconsistent verdicts, and the possibility that Defendants and St. David's will each designate the other as a responsible third party in their respective trials. (Mot. Leave Amend., Dkt. 25, at 4). The Court acknowledges these costs. However, there is no evidence that St. David's or Defendants are unable to afford Canales complete relief in either action. Moreover, Canales could have avoided these costs by waiting for the expert reports to file her original complaint. Altogether, this factor weighs only slightly in favor of Canales.[3]

*D. Other Factors*

Canales points to no other factors that might tilt the balance in her favor; instead, she argues only that Defendants will not be prejudiced by remand. (Mot. Leave Amend., Dkt. 25, at 4–5). But it is inherent in the *Hensgens* analysis that "the diverse defendant has an interest in retaining the federal

---

[3] District courts in this circuit that have considered similar costs have found that they do not outweigh the first and most important factor. *Adey/Vandling*, 2012 WL 534838, at *4; *Wein*, 2015 WL 1275915, at *6; *see also Martinez*, 701 F. Supp. 2d at 892 ("Although Plaintiff would incur the additional expense of parallel proceedings, this does not constitute significant prejudice.").

5

forum" made available by the removal statutes. *Hensgens*, 833 F.2d at 1182. The *Hensgens* analysis is designed to balance that interest against the inconsistency and waste of parallel federal/state proceedings. *Id.* In conducting that analysis, courts in this circuit routinely deny leave to amend upon a finding that the plaintiff's primary purpose is to defeat jurisdiction. *Adey/Vandling*, 2012 WL 534838, at *4; *Wein*, 2015 WL 1275915, at *6. Having made that finding here, and having found that the other two less important factors weigh only slightly in Canales's favor, the Court concludes that the balance tips against granting leave to amend. The Court therefore denies Canales's second motion to remand and her motion for leave to amend. The Court retains jurisdiction over this action.

## III. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's second Motion for Remand, (Dkt. 21), as well as her Motion for Leave to Amend, (Dkt. 25), are each **DENIED**.

**SIGNED** on November 16, 2018.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE